## SUPREME COURT.

Ira A. Thurber, respondent agt. John T. Jenkins and Justus Corbin, appellants.

Where the plaintiff sold out his interest in a co-partnership firm to other members of the firm, constituting a new firm, and took a bond of indemnity from one of the

members of the new firm and a third person as surety, to save him, plaintiff, indemnified and harmless, from the payment of any debts of the old firm; and it appeared that after the execution of the bond, an indebtedness of the old firm had been changed without the assent of the surety, from an account and put into a note signed by one of the defendants on the bond—a member of the new firm— who had no authority to give notes in the name of the old firm:

*Held,* that this note having been by an action, merged in a judgment, and paid by the plaintiff, without any notice to the surety on the bond of the defense to it, the surety was discharged, and the plaintiff could not recover the amount of the judgment from him.

*Fifth District, General Term, June,* 1868.

*Before* MULLIN, FOSTER *and* MORGAN, *Justices.*

APPEAL from judgment entered on report of Hamilton Burdick, Esq., referee.

The action was brought to recover certain sums due to various persons from the firm of Thurber, Rice & Co., and which the defendants had assumed to pay and discharge by their bond of indemnity, executed to the plaintiff March 24th, 1865; the plaintiff on that day having sold out his interest in said firm to the defendant John T. Jenkins, for $5,000.00, subject to the payment of the company's debts, and the defendant Justus Corbin, having signed said bond as surety, by which the defendants agreed "to pay so much of the debts and liabilities of Thurber, Rice & Co., as the said Ira A. Turber is or may in any event, become liable to pay"—"to pay up and discharge all said debts and liabilities as fast as the same shall fall due," with a further agreement to save the plaintiff harmless.

The referee reported among other things, that "the firm of Thurber, Rice & Co., owed certain debts, which were assumed by the new firm (of Thurber, Rice & Co.), and so far as the plaintiff was concerned, the defendants were to indemnify and save the plaintiff harmless therefrom": that he had paid as a member of the old firm of Thurber, Rice & Co., and is liable to pay certain debts of the firm, which the defendants had assumed to pay, but which they had not paid, and which were outstanding at the time of sale, viz.:

A debt to Van Horn, paid by plaintiff October 9th,
    1866............................................$556.88
Interest thereon........................................  47.63
Ira H. Cobb's debt.....................................  400.00

Interest thereon from January 20th, 1865, less $159.36,
received by plaintiff out of the firm debts.

The amount advanced October 6th, 1866, by plaintiff,
$278.75, which with interest, amounts to $302.83.

The Hotaling judgment $566.00, January 10th, 1867,
including sheriff's fees $11.13, now amounts to $615.64.

Pinckney judgment, May 14th, 1867, $548.47, which
with interest, amounts to $598.11. The whole amount
found due the plaintiff is $2,121.09, for which judgment was
ordered for the plaintiff.

The defendants excepted to the finding of the referee in
relation to the Hotaling judgment and the Pinckney judg-
ment, as well as to the general conclusion of the referee, find-
ing the whole amount due as stated in his report.

The facts in relation to the two claims objected to are
stated in the opinion of the court.

RUGER & JENNEY, *for appellants.*
RAYNOR & VANN, *for respondents.*

*By the court,* MORGAN, J.   The complaint fails to specify
any particular demands which the plaintiff paid of the debts
of the old firm of Thurber, Rice & Co. It is stated in the
complaint, that the defendants did not perform their agree-
ment, but neglected to pay the debts of the old firm, or to
save the plaintiff harmless therefrom according to the terms
and conditions of their said agreement, in consequence of
which, the plaintiff "has been compelled to raise or advance
money to pay up and discharge many of such debts and lia-
bilities and to continue under and oppressed with the debts
and liabilities of such firm to his great damage and injury,"

the plaintiff thereupon demanded judgment for $3,000.00, and costs, &c.

To this the defendants, among other defenses not necessary to notice, interposed a general denial.

It is in vain, therefore, to look into the pleadings for any information as to the particular debts paid by the plaintiff, or which he was liable to pay at the time of the commencement of this action.

On recurring to the testimony of the plaintiff, we have his statement that there were outstanding debts of the old firm at the time of the sale, among which he enumerates the following, viz.: "The firm owed Abram Van Horn, of Utica, June 29th, 1867, $581.73.

It will be seen that the referee allowed the plaintiff for paying a debt to Van Horn, October 9th, 1866, viz.: $556.88 principal, and $47.63 interest. How this could be an outstanding debt as early as March 24th, 1865, or the same debt as that of June 29th, 1867, may admit of some question, but as there is no exception to this item, we ought perhaps, to assume that there was some evidence of its existence as early as March 24th, 1865, and that the subsequent dates and amounts were only intended to indicate what the debt amounted to at these several times.

The plaintiff also specifies the following as an outstanding debt against the old firm, March 24th, 1865: "Ira H. Cobb, January 20th, 1865, $400.00, and interest." There seems to be no valid objection or exception to the allowance of this claim, nor to the allowance of the Pinckney judgment, so-called. The plaintiff shows that the old firm owed a debt to Pinckney March 4th, 1865, amounting to $415.00.

There is nothing stated in the finding to show on what account the plaintiff was allowed $302.83 for moneys advanced, including the interest. If there is anything in the evidence which explains it, it has escaped my attention, but as there is no objection made to its allowance by the defend-

ants' attorney, I think we are not called upon to disallow it on appeal.

This reduces the questions to one only, and that is in relation to what is called the "Hotaling claim," which the referee allowed to the plaintiff, denominating it the "Hotaling judgment $566.00, January 10th, 1867," which with interest, including sheriff's fees, amounting to $615.64, at the date of the referee's report.

The plaintiff states in his testimony among other outstanding debts: "Garret Hotaling, January 27th, 1867, $569.00," and he says he "paid that $566.00, January 10th, 1867." In another place he states that Hotaling had the note of the new firm. Next the judgment roll is produced, by which it appears that the Syracuse City Bank recovered a judgment against the members of the old firm, including the plaintiff, as well as Garret Hotaling, for $467.93, November 17th, 1866, upon a note purporting to have been made by "Thurber, Rice & Co." March 11th, 1865, payable to the order of G. H. Hotaling at the Salt Springs Bank, sixty days after date, and indorsed by Hotaling. The plaintiff put in an answer to that suit, containing a general denial only, and the action was tried before the court without a jury.

An execution was issued and the plaintiff actually paid it January 16th, 1867, although by some arrangement among the parties, the execution was not satisfied.

The plaintiff certified that he had no legal defense against the note, and the referee finds that neither of the defendants had notice of the suit. The defendant John T. Jenkins, testified that the note prosecuted by the Syracuse City Bank was given to Garret Hotaling *after March 25th,* 1865, and that he made and signed the note, and when he signed it, he notified Hotaling that the new firm had been formed, and that the plaintiff was out of it; that his indebtedness against the old firm was an open account. To add confusion to the case, he then states that three notes were given at the same time on the 1st of April, 1865, dated at different days, so as

to make the payments easier. The only solution to this statement is, that the note sued by the Syracuse City Bank was one of the three, the others perhaps having been paid by the new firm.

But the referee has a finding in which he states that on the 1st day of April, 1865, the Hotaling debt "was put into three several notes signed by the new firm of Thurber, Rice & Co., of which Jenkins was a member, by John T. Jenkins, one of these members (who had no authority to sign for the old firm), and his account was thereupon receipted; that said Hotaling knew of the change in said firm, and that said note was transferred to the city bank which sued Ira A. Thurber thereupon, and obtained judgment against him by default." This is not strictly correct, as it appeared in the judgment roll produced on the trial, that Ira A. Thurber put in a defense, under which he might have successfully defended the note, if it was executed in the name of the old firm without his knowledge or consent, or if it was executed as the proper note of the new firm.

It is impossible to be satisfied with the conclusion of the referee, that this note was intended to be the note of the new firm instead of the old one, for it is dated back to the time of the existence of the old firm, which is hardly reconcilable with the conclusion, that it was intended to be the note of the new firm. But in neither aspect of the case would the surety of John T. Jenkins be liable to the plaintiff upon the note in question. It is not enough to be able to show that Jenkins has made himself liable upon the note by assuming to execute it on behalf of the new firm. The surety is only bound to pay it while it remains the proper debt of the old firm. If it was accepted by Hotaling as the note of the new firm, it discharged the debt as against the old firm, and Ira A. Thurber had a perfect defense to it. If it was executed by Jenkins as the note of the old firm, Thurber was not liable to pay it, unless he assented to it. There is no evidence that he ever assented to it. But if he

did assent to it, it was such a change and postponement of the original debt as to discharge the surety. Thurber had no right to give a new obligation extending the time of payment of the old firm debts, although done with the consent of the creditor. Such an act would doubtless discharge the surety, unless he also assented to it. Doubtless the bond obliged Corbin to pay the original debt as to Ira A. Thurber, but we do not know what that was. On the dissolution of the old firm and the formation of the new one, the members of the new firm become the principal debtors, and were primarily liable to pay the Hotaling debt. They either satisfied it by giving their own notes, or they undertook to secure it by giving a note in the name of the old firm. If the plaintiff assented to this arrangement in either form and Corbin did not know of it, or assent to it on his part, then I am of opinion, that he thereby discharges Corbin from his obligation to pay it. If the plaintiff did not know of it or assent to it in either form; then he should have interposed his defense, or at least have notified Corbin that he had a good and sufficient defense to the note, so that Corbin might have had the benefit of it in that suit.

There is only one aspect of the case in which the defendant Corbin, could be made liable upon the new note in question, and that was for Hotaling to surrender the same upon grounds, which would have authorized him to recover upon the original indebtedness.

The defendant Corbin, never undertook to pay anything else. As it is now too late to repudiate the new note and recover upon the original claim, I think the defendant Corbin, is discharged from its payment.

It is to be regretted that there should be so much confusion and uncertainty in cases which come before us for review. There is no statement in the pleadings which would enable the court to see what demands the plaintiff expects to recover, and the findings of the referee, which are generally drawn up by the successful party, fail to point out the

grounds upon which the Hotaling debt, so-called, was allowed.

I have examined the evidence and findings with as much care as I could, and have stated the results, I believe, with entire fidelity to the facts as they appear in the case.

The result is that the judgment is erroneous in the particular above mentioned, and should be reduced accordingly; or, if the plaintiff will not consent to modify it, then a new trial should be granted with costs, to abide the event.

In case of a modification by deducting the amount of the Hotaling claim, so-called, the judgment as thus modified, should be affirmed without costs of appeal to either party.

FOSTER and MULLIN, J. J., concurring.